J-S51022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.W., A MINOR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: C.H., MOTHER | | No. 626 MDA 2019 |

Appeal from the Order Dated March 18, 2019
In the Court of Common Pleas of York County
Juvenile Division at No(s):  CP-67-DP-0000021-2019

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                 **FILED OCTOBER 21, 2019**

Appellant, C.H. ("Mother"), appeals from the order entered in the York County Court of Common Pleas that extended the dependency adjudication of J.W. ("Child") and found Mother was the perpetrator of child abuse against Child.  We affirm.

The relevant facts and procedural history of this case are as follows. Mother is the natural parent of Child, born in April 2010.[1]  Child began to experience oral pain in late December 2018, due to several seriously decayed teeth.  On December 27, 2018, Mother took Child to a dentist who referred Child to a pediatric dentist at Children's Dental Health Associates ("CDHA") in York, PA.  Mother tried to call that practice on December 28, 2018, to schedule an appointment, but the office was closed, so Mother left a message.  CDHA contacted Mother *via* text message, indicating that an emergency

_____

[1] D.W. ("Father") is not a party to this appeal.

appointment was available for December 31, 2018. Mother did not respond or make any further attempts to contact the practice on her own.

On January 16, 2019, the York County Office of Children, Youth, and Families ("Agency") received a child protective service ("CPS") referral of alleged abuse of Child, based on dental neglect. On January 17, 2019, a caseworker met with Mother and Child; and the caseworker and Mother called CDHA together to schedule an appointment for Child. The caseworker also took photos of Child's mouth and noted obvious signs of decay, including a hole in one of Child's teeth. The Agency transported Mother and Child on January 24, 2019, to CDHA. Employees of CDHA expressed concerns that Mother was under the influence of drugs during the appointment, as she displayed erratic and questionable behavior. Due to these concerns, Mother was unable to consent to any further treatment for Child.

The Agency filed an application for emergency protective custody on January 25, 2019, after Mother tested positive for amphetamines and Suboxone. The court granted the application, transferred physical and legal custody of Child to the Agency, and appointed a guardian *ad litem* ("GAL") for Child. On February 6, 2019, Mother filed a petition for court-appointed counsel; on the same day, the Agency filed a dependency petition. The Agency also filed a motion for special relief, which the court granted, for court permission to have Child undergo oral surgery. On February 11, 2019, the court appointed counsel for Mother.

Following a hearing on February 14, 2019, the court adjudicated Child dependent but noted the testimony was not complete regarding the finding of child abuse because the court had deferred the remaining testimony for a second adjudicatory hearing. On February 25, 2019, the Agency filed a second motion for special relief, for court permission to have Child undergo further oral surgery. The court granted the motion on February 26, 2019.

On March 18, 2019, the court held a second adjudicatory hearing, during which testimony was completed. At the hearing, all counsel also stipulated that if the pediatric dentist, who treated Child on January 24, 2019, were called to testify, he would say, "[T]he level of decay in [Child's] mouth would not be ordinary if proper dental care had occurred." (N.T. Hearing, 3/18/19, at 45.) Following the hearing, the court entered an order from the bench extending the dependency adjudication of Child and finding Mother had committed child abuse against Child. On April 17, 2019, Mother filed a timely notice of appeal and a contemporaneous concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Mother raises the following issue for our review:

> WHETHER THE JUVENILE COURT COMMITTED AN ABUSE OF DISCRETION AND/OR ERROR OF LAW IN MAKING A FINDING OF CHILD ABUSE AS TO MOTHER WHERE THE OFFICE OF CHILDREN, YOUTH & FAMILIES FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT MOTHER'S ACTIONS ROSE TO THE LEVEL OF SERIOUS PHYSICAL NEGLECT[?]

(Mother's Brief at 4).

Our standard of review from an adjudication of dependency:

[R]equires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the [trial] court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re A.B.*, 63 A.3d 345, 349 (Pa.Super. 2013) (internal citation omitted). In other words: "Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate." *In re D.A.*, 801 A.2d 614, 618 (Pa.Super. 2002) (*en banc*).

In her single issue, Mother claims the Agency failed to prove by clear and convincing evidence that Mother's actions rose to the level of serious physical neglect. Mother avers neither the treating dentist nor any other medical expert testified that Child's condition resulted from serious physical neglect. Mother alleges the only medical opinion presented was a stipulation that the level of decay in Child's mouth "would not be ordinary in nature, if proper dental care had occurred." Mother argues that beyond this stipulation, the rest of the record reflects Mother sought dental treatment for Child. Mother additionally contends the record lacks evidence to support the court's finding that Child's dental problems would not have occurred but for Mother's neglect. Mother maintains the court abused its discretion in finding that Mother had committed child abuse through serious physical neglect of Child.

Mother concludes this Court should reverse the finding of child abuse and remand the matter to the trial court. We cannot agree.

During the course of dependency proceedings, a trial court may find a parent to be the perpetrator of child abuse as defined under the Child Protective Services Law ("CPSL"). *In Interest of J.M.*, 166 A.3d 408, 421-22 (Pa.Super. 2017). The "CPSL does not create or include a separate action for child abuse, and, under the Juvenile Act, a finding of abuse can only be made as part of a dependency proceeding in which abuse is alleged." *In Interest of R.T.*, 592 A.2d 55, 59 (Pa.Super. 1991). *See also* 23 Pa.C.S.A. § 6370(b)(2)(i) (stating that if county agency deems it appropriate in dependency or delinquency proceeding, including instance in which alleged perpetrator has access or poses threat to child, county agency may petition court for finding of child abuse).

The CPSL defines "child abuse," in relevant part, as follows:

> **§ 6303. Definitions**
>
> **(b.1) Child abuse.--**The term "child abuse" shall mean intentionally, knowingly or recklessly doing any of the following:
>
> *      *      *
>
>   (7) Causing serious physical neglect of a child.
>
> *      *      *

23 Pa.C.S.A. § 6303(b.1)(7). The Juvenile Act further defines "serious physical neglect" as, *inter alia*, "[t]he failure to provide a child with adequate

essentials of life, including food, shelter, or medical care" which "endangers a child's life or health, threatens a child's well-being, causes bodily injury or impairs a child's health, development, or functioning." 23 Pa.C.S.A. § 6303(a). The existence of "child abuse" pursuant to Section 6303(b.1) must be proved by clear and convincing evidence. *In re L.Z.*, 631 Pa. 343, 361, 111 A.3d 1164, 1174 (2015).

Instantly, the record supports the court's finding of child abuse as to Mother. Child began to experience oral pain in late December 2018, due to several seriously decayed teeth. Though Mother took Child to a dentist on December 27, 2018, she failed to follow up with the referral to a pediatric dentist, until a caseworker became involved on January 17, 2019. On that day, the caseworker also took photos of Child's mouth and noted obvious signs of tooth decay, including a hole in Child's tooth. When Child finally saw the pediatric dentist, Mother came to the appointment under the influence of drugs and was unable to consent to treatment for Child. Only after Child was in the Agency's custody and the Agency filed motions for special relief that Child finally received proper dental care.

Furthermore, at the hearing on March 18, 2019, Child testified that she struggled to eat food prior to her dental surgeries because of the severe pain caused by her decaying teeth. A supervisor from the Agency similarly testified that Child's oral pain caused Child to miss school and struggle with both eating and sleeping. The supervisor additionally testified that Child needed four

crowns, four extractions, and four pulps to fix her dental issues, and Child's insurance had not been billed for a dental visit since 2015. Finally, all counsel stipulated at the March 18, 2019 hearing that if the pediatric dentist, who treated Child on January 24, 2019, were called to testify, he would say, "[T]he level of decay in [Child's] mouth would not be ordinary if proper dental care had occurred." (**See** N.T. Hearing, 3/18/19, at 45.) Based on the foregoing, the Agency successfully proved Mother committed serious physical neglect of Child by failing to provide Child with adequate and necessary dental care. **See** 23 Pa.C.S.A. § 6303(a); **In re L.Z., supra**. Thus, we will not disturb the court's finding of child abuse. **See** 23 Pa.C.S.A. § 6303(b.1)(7); **In re A.B., supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2019